UNITED STATES DISTRICT FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY MCJ D.C.
SEP 03 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case No.:

URGENT

DR JIMMY LAFAILLE
**Plaintiff,**

vs.

**Defendants** University of Miami et al, TEBRA Optum Pay, United HEAlth care, TFA

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER COMPELLING SPECIFIC DIGITAL FORENSIC HARDWARE CLONING BY THE ROCKLAND COUNTY DISTRICT ATTORNEY'S INVESTIGATIVE UNIT, ISSUANCE OF THIRD-PARTY DATA SUBPOENAS, AND EXTRA-JURISDICTIONAL AFFIDAVIT VERIFICATION DUE TO FRAUD, SYSTEMIC CONFLICTS, AND CO-CONSPIRATORIAL INTERFERENCE**

The Plaintiff, [DR JIMMY LAFAILLE], appearing Pro Se, respectfully moves this Court on an emergency basis pursuant to Florida Rules of Civil Procedure 1.280, 1.350, and 1.410 for an Emergency Protective Order and Evidentiary Mandate compelling the immediate forensic cloning, cryptographic imaging, and extra-jurisdictional verification of her digital communications hardware, cellular assets, and relevant platform server logs, and in support thereof, states:

1. **IMMINENT PERIL OF SPOLIATION AND MULTI-PLATFORM SABOTAGE**: Plaintiff is a licensed healthcare clinician whose private medical practice was collapsed by a highly sophisticated, continuous campaign of data sabotage, unauthorized bank account routing, and active hardware intercepts. Critical, time-sensitive digital evidence—including network metadata logs, automated muting scripts, hardware configuration overrides, and unauthorized data routing profiles—resides locally on Plaintiff's cell phone lines, professional MacBook, Apple phones, HP desktop computer and Surface Go tablet. Because the underlying cyber-intrusions, host overrides, and communication mutes are active, volatile, and ongoing, there is an immediate, operational threat that these critical data tracks will be permanently overwritten, altered, or remotely wiped by bad-faith actors to destroy evidence and evade civil liability.
2. **STATEMENT OF NULL CONFIDENCE AND ABSOLUTE EXTRA-JURISDICTIONAL NECESSITY**: Plaintiff explicitly states on the public record that she maintains zero faith, confidence, or security in the local Palm Beach County administrative, legal, or forensic infrastructure due to severe, recurring systemic conflicts of interest. Plaintiff alleges that a localized matrix of bad-faith actors, legal representatives, and cyber-operatives have actively manipulated local networks, even executing coordinated digital overrides to intentionally disconnect and force-eject the Plaintiff from official, secure remote judicial Zoom hearings. Furthermore, Plaintiff notes an administrative anomaly where her consecutive, independent civil actions are systematically routed and restricted to an exclusive panel of specific local judges—including Judges Scott Reid, Corlew, Barnett, Ori and Burke while all protecting the defendants to disparage me of due process—resulting in an immediate structural disadvantage where her foundational due process rights are completely suppressed while bad-faith defendants are consistently favored. To eliminate this localized interference and protect the chain of custody under the Florida Evidence Code, Plaintiff explicitly demands that no local administrative or Florida county

infrastructure personnel be granted physical or electronic access to her hardware or data files.

3. **DESIGNATION OF ROCKLAND COUNTY DISTRICT ATTORNEY INVESTIGATIVE UNIT**: Plaintiff explicitly designates that all forensic mirroring, bit-stream cloning, and cryptographic imaging be executed exclusively by the **Rockland County District Attorney's Investigative Digital Forensics Unit** (Rockland County, New York). This specific out-of-state law enforcement agency maintains complete geographical, administrative, and political separation from the local infrastructure, possesses active background knowledge of the operational data profiles involved, and is uniquely equipped to isolate the digital tracks securely. The designated Rockland County investigative unit shall generate a formal, sworn **Certificate of Forensic Examination and Affidavit of Results** detailing all traced IP addresses, external overrides, and platform compromises to be submitted directly to this Court as a verified, admissible record of trial evidence.
4. **COMPULSORY DISCOVERY SUBPOENAS AND SERVER PRESERVATION DIRECTIVE**: Plaintiff moves this Court to authorize the immediate issuance of third-party discovery subpoenas directed to Meta Platforms, Inc., UnitedHealth Group Inc., Optum Pay, LLC, and related infrastructure utilities to compel the immediate release of all electronic correspondence, technical logs, metadata, and transmission backlogs concerning Plaintiff's practice data, digital broadcasts, and user interactions. Plaintiff further requests a strict preservation mandate directing all named Defendants and their telecommunications and software providers to immediately isolate, lock, and preserve all corresponding backend server logs, Electronic Health Record (EHR) audit trails, Two-Factor Authentication (TFA) tracking registries, and Internet Protocol (IP) routing logs matching the Plaintiff's accounts from 2020 through 2026 to prevent backend alteration or deletion during the pendency of this action.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an immediate Emergency Order granting this Motion, compelling the secure forensic cloning and physical preservation of her digital devices by the Rockland County District Attorney's Investigative Digital Forensics Unit, compelling the issuance of third-party data subpoenas across all entities, and requiring the execution of a sworn forensic verification affidavit under penalty of immediate judicial sanctions.

Respectfully submitted,

[DR JIMMY LAFAILLE]

[jimmylafaille@att.net]

(561) 702-6309

DATE 9/8/2026